UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE,

                  Plaintiff,

                                        Case Number 08-14958-BC

v.                                    Honorable Thomas L. Ludington

UNITED STATES DEPARTMENT OF
VETERAN AFFAIRS, *et al.*,

                  Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff alleges that his former employer, Defendant U.S. Department of Veteran Affairs ("DVA"), and supervisors Defendants Gabriel Perez and Allen Pawlow, M.D., unlawfully terminated his employment. On January 16, 2009, Plaintiff amended the complaint to advance claims for breach of contract, a violation of the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. §§ 621, *et seq.*, a violation of the Elliot Larsen Civil Rights Act ("ELCRA"), codified at Mich. Comp. Laws §§ 37.2101, *et seq.*, a violation of the Rehabilitation Act, codified at 29 U.S.C. § 791, and violating his substantive and procedural due process rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985.

On May 8, 2009, Defendants moved to dismiss the amended complaint for jurisdictional defects or for failure to state a claim. Plaintiff acknowledges that most claims should be dismissed, but contends that Plaintiff's cause of action pursuant to 42 U.S.C. § 1985 is viable. For the reasons stated below, the Court will **GRANT** the motion to dismiss, dismiss for lack of jurisdiction Plaintiff's breach of contract, ADEA, and Rehabilitation Act claims, and dismiss with prejudice Plaintiff's claims pursuant to ELCRA and 42 U.S.C. §§ 1981, 1983, 1985

I

Plaintiff served as an urologist at the Aleda E. Lutz Medical Center in Saginaw, Michigan. *See generally* dkt. # 8. Defendant Perez is the Director of the medical center and Defendant Pawlow serves as the Chief of Surgery at the medical center. At some undisclosed time, Defendants began to doubt Plaintiff's ability to perform the essential duties of his job because of "cognitive limitations." Defendants directed Plaintiff to submit to certain medical examinations. On April 18, 2008, Defendants terminated Plaintiff's employment because they believed that these "cognitive limitations" hindered Plaintiff's ability to effectively fulfill his employment duties. Plaintiff complains that Defendants did not follow its own guidelines in discharging Plaintiff.

On May 8, 2009, Defendants moved to dismiss the amended complaint. Defendants offer multiple arguments, which ultimately challenge the Court's jurisdiction or the legal sufficiency of Plaintiff's allegations to sustain a cause of action.

II

A

Rule 12(b)(1) permits a defendant to challenge the Court's subject matter jurisdiction based on the pleadings. The plaintiff carries the burden of demonstrating jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "[T]he court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," although the Court is not later bound to treat those determinations as findings. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). "[The] court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citation omitted). When a party requests relief pursuant to Rule 12(b)(1) and Rule 12(b)(6),

a court considers its jurisdiction before proceeding to an alternative challenge for failure to state a claim. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

B

Based on the pleadings, the parties agree that the Court does not retain subject matter jurisdiction over the ADEA, Rehabilitation Act, and breach of contract claims. First, Defendants assert that the Court does not have jurisdiction over Plaintiff's causes of action under the ADEA or the Rehabilitation Act because Plaintiff has not satisfied procedural requirements. Before an employee may bring an ADEA claim against a federal employer, the plaintiff must "provide[s] the [Equal Employment Opportunity Commission] with the notice of his intent to sue at least 30 days before commencing suit." *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (citing 29 U.S.C. § 633a). With respect to a claim under the Rehabilitation Act, a plaintiff is required to exhaust administrative remedies applicable to claims under Title VII before proceeding to federal court. 29 U.S.C. §§ 1614.103, 1614.105. Plaintiff acknowledges that he has not satisfied the procedural requirements to advance these claims and agrees they should be dismissed. Consequently, the Court will dismiss the claims for lack of jurisdiction.

Next, Defendants argue that this Court lacks jurisdiction over any claim against the United States for breach of contract in excess of $10,000 and the Court of Federal Claims retains exclusive jurisdiction over such claims. *See* 28 U.S.C. § 1491. Plaintiff agrees and the Court will dismiss the breach of contract claim for lack of subject matter jurisdiction. While Defendants also advance two substantive arguments in support of dismissal, those arguments are moot in the absence of the Court's jurisdiction. *See Moir*, 895 F.2d at 269.

Lastly, Defendants argue that sovereign immunity bars Plaintiff's claim for age discrimination under state law against a federal actor. Through federal employment discrimination statutes, *e.g.*, the ADEA, Congress has provided federal employees with "the exclusive remedy for combating illegal job discrimination" by the federal government. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *see also Davis v. Potter*, No. 06-cv-44, 2008 WL 324251, *2 (W.D. Mich. Feb. 5, 2008) (dismissing ELCRA claims advanced against federal government). Plaintiff agrees that his ELCRA claim is barred by sovereign immunity and the ELCRA claim will be dismissed. Notwithstanding Defendants' reliance on Rule 12(b)(1), the Court will grant Defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Ku v. State of Tenn.*, 322 F.3d 431, 435 (6th Cir. 2003) (determining that "the immunity defense in cases otherwise falling within a federal court's original jurisdiction should be treated like the defense of lack of personal jurisdiction").

## III

### A

Defendants also rely on the standard set forth in Fed. R. Civ. P. 12(b)(6), which directs the dismissal of claims that do not "state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops*, *Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). *See also Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review), *cert. denied*, 484 U.S. 945 (1987).

B

The amended complaint alleges a procedural and substantive violation of the Due Process Clause of the Fourteenth Amendment. Dkt. # 8 at ¶¶ 27-30. While the allegations do not identify statutory authority, the amended complaint generally asserts violations of 42 U.S.C. § 1981, 1983, and 1985. Defendants contend that the amended complaint does not state a due process claim under any theory. First, Defendants contend that Plaintiff's 42 U.S.C. § 1981 claim fails because he has not alleged racial discrimination - an element of a prima facie claim. Section 1981 prohibits racial discrimination in the making and enforcement of contracts, but does not provide relief for a plaintiff alleging other types of discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976). Plaintiff again concedes this issue and the claim will be dismissed with prejudice.

Next, Defendants emphasize that a claim under 42 U.S.C. § 1983 requires conduct under the "color of state law." *Ana Leon T. v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987). This reasoning also applies to Plaintiff's claim under 42 U.S.C. § 1981. *See Omeli v. Nat'l Council of Senior Citizens*, 12 F.App'x 304, 307 (6th Cir. 2001). Again, Plaintiff concedes this

-5-

argument and the Court will dismiss the 42 U.S.C. § 1983 claim with prejudice

Finally, Defendant raises multiple challenges against Plaintiff's claim under 42 U.S.C. § 1985, which provides a private right of action against those that conspire to violate civil rights. *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). "To succeed in establishing a § 1985(3) claim, the plaintiff must demonstrate '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* (citations omitted).

Defendants contend that Plaintiff has not pled a prima facie claim, emphasizing that the amended complaint does not detail the conspiracy.  "A § 1985(3) complaint must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirator's action.' Further, 'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.' " *Id.*). *Id.* (quoting *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992) and *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

Here, the amended complaint references 42 U.S.C. § 1985, does not include any detail regarding a conspiracy or specific actions undertaken by Defendants Perez or Pawlow. In fact the only allegation regarding Defendants Perez's or Pawlow's conduct is that they "took unconstitutional action against [] Plaintiff and who implemented, executed a policy, statement, and/or decision officially adopted and/or promulgated by Defendants." Dkt. # 8 at ¶ 11.

Moreover, Plaintiff has not identified a class protected by 42 U.S.C. § 1985, such as race,

gender, or political affiliation. Indeed, Plaintiff's response brief acknowledges that its claim is based on age and disability discrimination, which are not cognizable under 42 U.S.C. § 1985 because a delineated avenue of relief is available under the ADEA and ADA. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 373 (1979) (reasoning that a violation of Title VII could not be advanced under 42 U.S.C. § 1985 because "a complainant could avoid most if not all of the[] detailed and specific provisions of the law). While Plaintiff asserts that "a laundry list of improper conduct" provides a basis for relief under 42 U.S.C. § 1985, Plaintiff has not provided any authority eliminating the class requirement from a prima facie case.

Nor has Plaintiff identified a constitutional right deprived by Defendants, a requirement as 42 U.S.C. § 1985 is a remedial statute. *Id.* at 373. Indeed, Plaintiff does not even allege the 42 U.S.C. § 1985 cause of action as a separate count or allege each element of a prima facie claim. Thus, the Court dismiss this cause of action with prejudice.

IV

Accordingly, it is **ORDERED** that Defendants' motion to dismiss the complaint is **GRANTED**. The complaint is dismissed in its entirety. Plaintiff's ADEA claim, Rehabilitation Act claim, and claim for breach of contract are **DISMISSED** for lack of jurisdiction. Plaintiff's ELCRA claim is **DISMISSED** based on sovereign immunity. Plaintiff's claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and ELCRA are **DISMISSED WITH PREJUDICE**.

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: July 7, 2009

-7-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS